**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| NADIM SAID<br><br>**Plaintiff,**<br><br>**v.**<br><br>FIN TIME ADVENTURES, INC.;<br>DAVID YOUNG; JOHN DOE; JANE<br>DOE; XYZ CORP.; ABC INSURANCE<br>CO.<br><br>**Defendants** | **Civil No. 2017cv1182**<br><br>**Personal Injury; Diversity;**<br>**Jury Trial Demanded** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Nadim Said, by and through its undersigned counsel, respectfully states and prays as follows:

### I. NATURE OF THE CASE

1. This is a claim sounding in tort based upon allegations injuries suffered as a result of the negligent operation of a commercial fishing passenger vessel known as a FINTASTIC, HIN PMG210680682, Official Number 1072273.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000 and plaintiff and the defendants are citizens of different states.

**3.** In the alternative, this is an action in admiralty and maritime jurisdiction as hereinafter more fully appears. This Court has jurisdiction pursuant to 28 U.S.C. § 1333, and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

**4.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The claims asserted in this Complaint are based on the joint conduct of Defendants occurring in this district and, each Defendant maintains its office(s) and performs its duty(ies) within this district.

### III. THE PARTIES

**5.** At all relevant times herein Plaintiff was and still is a resident of the State of California.

**6.** At all relevant times herein Defendant, Fin Time Adventures, Inc. ("Fin Time"), was and still is a corporation created and organized under the laws of the State of Delaware, and incorporated in the Commonwealth of Puerto as a foreign corporation, with center of operations and offices located in 487 Baldorioty de Castro St., Vieques, Puerto Rico. Fin Time is the owner of the FINTASTIC, a vessel operated by Fin Time as part of its fishing charter business operations on which Plaintiff was injured.

**7.** At all relevant times herein Defendant, David Young, was and still is a resident of the Commonwealth of Puerto Rico and the captain of the FINTASTIC.

**8.** Defendant ABC Insurance Co. was and still is an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, a policy of insurance issued to Defendants, covering all risk for injuries and accidents that Plaintiff suffered as a result of Defendant's negligence in operating the motor vehicle as described herein.

**9.** Fictitiously named Defendants, John and Jane Does, and XYZ Corporations, upon information and belief, are liable for the acts complained of herein, but whose acts and true identities are unknown to the Plaintiffs. Plaintiffs will request leave of the Court to amend their Complaint to insert the true names of the fictitiously named Defendants when said names are known to the Plaintiffs, and to allege specifically their claims against said Defendants.

## IV. FACTUAL ALLEGATIONS

**10.** On March 5, 2016, Plaintiff was seriously injured while a passenger aboard the FINTASTIC, a fishing charter vessel, while fishing off the coast of Vieques, Puerto Rico.

**11.** At all relevant times the FINTASTIC was under the care, custody and control of Defendants and/or their employees and/or agents.

**12.** On March 5, 2016, Plaintiff and a group of friends and

relatives, were aboard the FINTASTIC, chartered through Fin Time, and operated by Captain David Young and deck hand John Doe.

13. At some point during the voyage, one of the passengers hooked a scombrid fish commonly known as "wahoo", and proceed to reel it in towards the FINTASTIC.

14. When the fish was next to the FINTASTIC, John Doe proceeded to board the wahoo abruptly, without first killing with a spike or stunning it by hitting it with a club or blunt instrument, and without warning to the passengers, including Plaintiff, who at the time was facing the opposite direction and was not aware that John Doe was pulling the fish into the boat, thereby hitting Plaintiff with the fish. The fish immediately bit Plaintiff and ripped his left lower ankle flesh to the bone and completely severed his Achilles tendon.

15. As a result of the accident, Plaintiff was transported immediately for treatment for his serious injuries.

16. As a result of the negligence of Defendants, Plaintiff was incapacitated and sustained severe and permanent injuries and scars to his left leg and foot.

17. These occurrences and injuries occurred solely as a proximate result of the Defendants' negligence, as a proximate result of the initial acts, negligence, gross negligence, lack of attention, and intentional and/or reckless acts on the part

of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

18. The negligence of the Defendants, in addition to that hereinabove alleged, consisted of:

    **a.** Failing to stun or kill the fish prior to boarding it;

    **b.** Failing to warn the Plaintiff;

    **c.** Failing to operate the fishing charter in a safe and reasonable manner;

    **d.** Failing to instruct Plaintiff;

    **e.** Negligent navigation; and

    **f.** Other acts of negligence which will be shown at trial.

<u>**COUNT I: NEGLIGENCE**</u>

19. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

20. As a result of Defendant's negligence, Plaintiff has experienced physical impairment, disfigurement, mental anguish, and pain and suffering in the past. Plaintiff will continue to experience physical impairment, disfigurement, mental anguish, and pain and suffering in the future. Thus, Plaintiff seeks monetary damages for the following:

    **a.** Physical Pain and suffering;

    **b.** Mental and emotional pain and suffering;

    **c.** Past and future medical expenses;

    **d.** Past and future loss of wages;

**e.** Impairment of future earning capacity;

**f.** Loss of enjoyment of life; and

**g.** Additional damages to be shown at trial.

**WHEREFORE,** plaintiff, Nadim Said, prays that Defendants, be served with a copy of this Complaint, that he be cited to appear and answer same within the delays allowed by law, and that after due proceedings, there be judgment rendered herein in favor of plaintiff and against defendants jointly and severally in the sum of ONE-MILLION ($1,000,000) DOLLARS, interest from the date of accident until paid, all costs of these proceedings, and for all legal, general, and equitable relief.

## COUNT II: VICARIOUS LIABILITY

21. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

22. At all material times, Captain Young and John Doe were acting as a captain and deck hand respectively, employees, and actual and/or apparent agents of Fin Time at the time of the incident described herein.

23. Fin Time is vicariously liable to Plaintiff for the acts and omissions of Captain Young and John Doe in that:

**a.** They were acting within the scope of their employment;

**b.** They were the actual agents of Fin Time;

**c.** They were apparent agents of Fin Time;

**d.** They were engaged in a maritime joint venture with Fin

Time; and/or

    **e.** They were agents of Fin Time by way of any other basis in the general maritime law.

24. As a direct, actual and proximate result of the above, Fin Time is vicariously liable to Plaintiff for all the losses and damages he has suffered.

**WHEREFORE**, plaintiff, Nadim Said, prays that there be judgment rendered herein in favor of plaintiff and declaring that Fin Time is vicariously liable for the negligent acts of Captain Young and John Doe.

## COUNT III: DIRECT ACTION

25. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

26. Under Puerto Rico's Direct Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. P.R. Laws Ann. tit. 26, § 2001.

27. ABC Insurance Co. is liable for the damages herein demanded pursuant to the insurance policy issued for the benefit of Defendants.

**WHEREFORE**, plaintiff, Nadim Said, prays that there be judgment rendered herein in favor of plaintiff and declaring that ABC Insurance Co. is liable for the damages herein demanded

pursuant to the insurance policy issued for the benefit of Defendants.

## <u>Jury Trial Demanded</u>

Plaintiff hereby demands a trial by jury.

**RESPECTFULLY SUBMITTED** this 8th day of February of 2017.

<u>s/ Alberto J. Castañer-Padró</u>
Alberto J. Castañer-Padró
USDC 225706

**Castañer Law Offices PSC**
MAI Center
2000 Kennedy Ave, Ste 204
San Juan, PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
<u>alberto@castanerlaw.com</u>